**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LARRY COX, Individually and For Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OASIS PETROLEUM LLC,<br><br>Defendant. | Case No. 4:20-cv-02903<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Larry Cox (Cox) brings this lawsuit to recover unpaid overtime wages and other damages from Oasis Petroleum LLC (Oasis) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

2. Cox worked for Oasis as an Inspector.

3. Cox and the Day Rate Inspectors (defined below) regularly worked more than 40 hours a week.

4. But Oasis did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, Oasis classifies its Inspectors as independent contractors and pays them a flat amount for each day worked (a "day rate") without overtime compensation.

6. Oasis never paid Cox or the Day Rate Inspectors a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because Oasis maintains its headquarters in this District and Division.

10. Indeed, Oasis maintains its headquarters at 1001 Fannin Street, Suite 1500, Houston, Texas 77002.

## PARTIES

11. Cox worked for Oasis as an Inspector from approximately April 2016 until October 2018.

12. Throughout his employment, Oasis classified Cox as an independent contractor and paid him a flat daily rate for each day worked regardless of the total hours worked in a work week ("day rate pay plan").

13. In fact, Cox was Oasis's employee.

14. Cox's consent to be a party plaintiff is attached as Exhibit 1.

15. Cox brings a FLSA collective action on behalf of himself and all other Day Rate Inspectors who were classified as independent contractors and paid according to Oasis's day rate pay plan.

16. Oasis classified each of these workers as independent contractors and paid them a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek.

17. The collective of similarly situated employees or Day Rate Inspectors sought to be certified is defined as follows:

> **All Inspectors who worked for, or on behalf of, Oasis, who were classified as independent contractors and paid a day rate with no overtime at any time in the last 3 years (the "Day Rate Inspectors").**

18. The Day Rate Inspectors can be readily ascertained from Oasis's records.

19. Oasis may be served with process by serving its registered agent: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## FLSA Coverage

20. At all relevant times, Oasis has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

21. At all relevant times, Oasis has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

22. At all relevant times, Oasis has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

23. At all relevant times, Oasis has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

24. In each of the past 3 years, Oasis's annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

25. At all relevant times, Cox and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

26. Oasis uniformly applied its policy of paying its Inspectors, including Cox, a day rate with no overtime compensation.

27. Oasis applied this policy regardless of any alleged individualized factors such as geographic location.

28. By paying its Inspectors a day rate with no overtime compensation, Oasis violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

29. As a result of Oasis's day rate pay plan, Cox and the Day Rate Inspectors do not receive overtime as required by the FLSA.

30. Oasis's day rate pay plan is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

31. Oasis treated Cox and the Day Rate Inspectors as employees and uniformly dictated the pay practices applied to Cox and the Day Rate Inspectors.

32. Oasis's misclassification of Cox and the Day Rate Inspectors as independent contractors does not alter their status as employees for purposes of the FLSA.

## FACTUAL ALLEGATIONS

33. Oasis bills itself as a "world class resources conversion company with coveted assets in the Williston and Delaware Basins."[1]

34. To complete its business objectives, Oasis hires personnel, such as Cox, to perform inspection services for its oil and gas projects.

35. Many of these individuals worked for Oasis on a day rate basis (without overtime pay) and were classified as independent contractors.

36. These workers make up the proposed collective of Day Rate Inspectors.

37. Oasis does not hire Cox or the Day Rate Inspectors on a project-by-project basis.

38. Rather, Oasis hires and treats these Inspectors just like regular, even if sometimes short term, employees.

39. Without the job performed by Cox and the Day Rate Inspectors, Oasis would not be able to complete its business objectives.

---

[1] https://www.oasispetroleum.com/ (last visited August 17, 2020).

40. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

41. For example, Cox worked for Oasis as an Inspector from approximately April 2016 until October 2018.

42. Throughout Cox's employment with Oasis, Oasis classified him as an independent contractor and paid him on a day rate basis.

43. Cox and the Day Rate Inspectors work for Oasis under its day rate pay plan.

44. Cox and the Day Rate Inspectors do not receive a salary as required to be exempt under the FLSA.

45. If Cox and the Day Rate Inspectors did not work, they did not get paid.

46. Cox and the Day Rate Inspectors do not receive overtime pay.

47. This is despite the fact Cox and the Day Rate Inspectors often work for 12+ hours a day, for up to 7 days a week, for weeks at a time.

48. Although Cox and the Day Rate Inspectors typically worked up to 7 days a week, for 12+ hours a day, they did not receive any overtime pay.

49. Indeed, Oasis instructed Cox and the Day Rate Inspectors that they were required not to put more than 12 hours of work for any day on their timesheets.

50. Cox and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

51. Cox's work schedule is typical of the Day Rate Inspectors.

52. Oasis knows Cox and the Day Rate Inspectors work for 12+ hours a day, for up to 7 days a week.

53. Cox and the Day Rate Inspectors worked in accordance with the schedule set by Oasis.

54. Oasis's records reflect the fact that Cox and the Day Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

55. Oasis does not pay Cox or the Day Rate Inspectors overtime for hours worked in excess of 40 in any of those weeks.

56. Instead, Oasis pays Cox and the Day Rate Inspectors on a day rate basis.

57. Cox and the Day Rate Inspectors are not employed on a salary basis.

58. Cox and the Day Rate Inspectors do not, and have never, received guaranteed weekly compensation from Oasis irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

59. Oasis's policy of paying Cox and the Day Rate Inspectors a day rate with no overtime compensation violates the FLSA because it deprives Cox and the Day Rate Inspectors of overtime for the hours they work in excess of 40 hours in a single workweek.

60. Oasis knew Cox and the Day Rate Inspectors worked more than 40 hours in a week.

61. Oasis controls Cox and the Day Rate Inspectors' work.

62. Oasis requires Cox and the Day Rate Inspectors to follow Oasis's policies and procedures.

63. Cox and the Day Rate Inspectors' work must adhere to the quality standards put in place by Oasis.

64. Cox and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

65. As an Inspector, Cox was responsible for inspecting work completed by third-party contractors, ensuring Oasis's projects were completed in accordance with Oasis's policies, procedures, standards, and specifications, and providing Oasis with daily reports of his observations on Oasis forms.

66. All of the Day Rate Inspectors perform similar duties of inspecting work completed by third-party contractors, ensuring Oasis's projects were completed in accordance with Oasis's policies, procedures, standards, and specifications, and providing Oasis with daily reports of his observations on Oasis forms.

67. As a result, the Day Rate Inspectors do not exercise independent judgment or discretion as to matters of significance.

68. Cox and the Day Rate Inspectors must follow Oasis's policies and procedures and adhere to Oasis's quality standards.

69. Cox and the Day Rate Inspectors did not substantially invest in the tools required to complete the overall job to which they were assigned.

70. Cox and the Day Rate Inspectors did not incur operating expenses like rent, payroll, marketing, and/or insurance.

71. Cox and the Day Rate Inspectors did not market their services while employed by Oasis.

72. Cox and the Day Rate Inspectors did not and could not subcontract out the work they were assigned by Oasis.

73. Cox and the Day Rate Inspectors relied on Oasis for work and compensation.

74. Oasis set Cox and the Day Rate Inspectors' work schedule, which prohibited them from working other jobs for other companies while working for Oasis.

75. At all relevant times, Oasis maintained control, oversight, and direction of Cox and the Day Rate Inspectors, including but not limited to hiring, firing, disciplining, timekeeping, and other employment practices.

76. Cox's working relationship with Oasis is similar to Oasis's relationship with its other Day Rate Inspectors.

77. The Day Rate Inspectors do not manage general business operations of Oasis.

78. Oasis knew, or showed reckless disregard for whether, the Day Rate Inspectors were entitled to overtime under the FLSA.

79. Nonetheless, Oasis failed to pay Cox and the Day Rate Inspectors overtime.

80. Oasis knowingly, willfully, or in reckless disregard carried out this illegal day rate pay plan that deprived Cox and the Day Rate Inspectors of overtime compensation in violation of the FLSA.

81. Oasis has been sued before for FLSA violations.

82. Oasis's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

83. Oasis willfully violated the FLSA.

## CAUSE OF ACTION
## FLSA VIOLATION

84. Oasis's day rate pay plan violates the FLSA because Cox and the other Day Rate Inspectors did not receive overtime pay for hours they worked in excess of 40 in a week.

85. Oasis knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

86. Oasis's failure to pay overtime compensation to the Day Rate Inspectors was not based on any reasonable interpretation of the law.

87. Nor was Oasis's decision not to pay its Day Rate Inspectors overtime made in good faith.

88. Accordingly, Cox and the Day Rate Inspectors are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

89. Cox brings this claim as a collective action under the FLSA.

90. The Day Rate Inspectors were victimized by Oasis's day rate pay plan which is in willful violation of the FLSA.

91. Other Day Rate Inspectors worked with Cox and indicated they were classified as independent contractors, paid in the same manner (a day rate with no overtime), and performed similar work.

92. Based on his experiences with Oasis, Cox is aware that Oasis's illegal misclassification and day rate pay plans were imposed on the Day Rate Inspectors.

93. The Day Rate Inspectors are similarly situated in all relevant respects.

94. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

95. The illegal misclassification and day rate pay plans Oasis imposed on Cox were imposed on all Day Rate Inspectors.

96. Like Cox, the other Day Rate Inspectors are denied overtime when they work more than 40 hours per week.

97. The overtime owed to Cox and the Day Rate Inspectors will be calculated using the same records and the same formula.

98. Cox's experiences are therefore typical of the experiences of the Day Rate Inspectors.

99. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

100. Cox has no interest contrary to, or in conflict with, the Day Rate Inspectors that would prevent collective treatment.

101. Like all Day Rate Inspectors, Cox has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

102. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

103. Absent a collective action, many Day Rate Inspectors will not obtain redress of their injuries, and Oasis will reap the unjust benefits of violating the FLSA.

104. Further, even if some of the Day Rate Inspectors could afford individual litigation against Oasis, it would be unduly burdensome to the judicial system.

105. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Inspectors, as well as provide judicial consistency.

106. The questions of law and fact that are common to each Day Rate Office Manager predominate over any questions affecting solely the individual members.

107. Among the common questions of law and fact are:

   a. Whether Oasis employed the Day Rate Inspectors within the meaning of the FLSA;

   b. Whether the Day Rate Inspectors were improperly misclassified as independent contractors;

   c. Whether Oasis's decision to classify Day Rate Inspectors as independent contractors was made in good faith;

   d. Whether Oasis's decision to not pay time and a half for overtime to the Day Rate Inspectors was made in good faith;

   e. Whether Oasis's violations of the FLSA was willful; and

   f. Whether Oasis's illegal pay practices were applied uniformly to all Day Rate Inspectors.

108. Cox and the Day Rate Inspectors sustained damages arising out of Oasis's illegal and uniform employment policy.

109. Cox knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

110. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Oasis's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

111. Consistent with Oasis's illegal day rate policy, Cox and the Day Rate Inspectors were not paid overtime when they worked more than 40 hours in a workweek.

112. As part of their regular business practices, Oasis intentionally, willfully, and repeatedly applied its misclassification and day rate pay plans to Cox and the Day Rate Inspectors.

113. Oasis's illegal misclassification and day rate pay plans deprived Cox and the Day Rate Inspectors of the premium overtime wages they are owed under federal law.

114. Oasis is aware, or should have been aware, that the FLSA required it to pay Cox and the Day Rate Inspectors overtime premiums for hours worked in excess of 40 in a workweek.

115. There are many similarly situated Day Rate Inspectors who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

116. The other Day Rate Inspectors are known to Oasis, are readily identifiable, and can be located through Oasis's records.

### JURY DEMAND

Cox demands a trial by jury.

### RELIEF SOUGHT

Wherefore, Cox prays for:

(a) Certifying a collective action and notifying the Day Rate Inspectors of their opportunity to join the collective action;

(b) All unpaid overtime and liquidated damages due to Cox and the Day Rate Inspectors under the FLSA;

(c) Appointing Cox's counsel as Class Counsel;

(d) All attorney's fees, expenses, and costs of this action;

(e) Pre- and post-judgment interest at the highest rates allowed by law; and

(f) All other and further relief as may be necessary and appropriate.

Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    TX Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    Federal ID No. 1093163
    **Taylor A. Jones**
    TX Bar No. 24107823
    Federal ID No. 3348814
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com

**AND**

    **Richard J. (Rex) Burch**
    TX Bar No. 24001807
    Federal ID No. 21615
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**